**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **PATECT, LLC,**<br>　　　　*Relator*,<br>　　　　　　v.<br><br>**(1) EXCLUSIVE IMPORTS, INC., D/B/A<br>　　BAUMGARTEN'S, AND<br>(2) LAUREL KLAMMERN GMBH,**<br>　　　　*Defendants*. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR FALSE PATENT MARKING**

Relator Patect, LLC ("Relator") makes the following allegations against Exclusive Imports, Inc. d/b/a Baumgarten's ("Baumgarten's") and Laurel Klammern GmbH ("Laurel") (collectively, "Defendants").

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

**PARTIES**

2. Relator is a Texas limited liability company having a principal place of business at 1177 West Loop South, Suite 1700, Houston, Texas 77027. Relator has appointed Law Tech Services, Inc., 1177 West Loop South, Suite 1700, Houston, Texas 77027, as its agent for service of process.

3. On information and belief, Baumgarten's is a Georgia corporation with its principal place of business at 144 Ottley Dr. NE, Atlanta, GA 30324-3925. Baumgarten's has appointed Caroline Berger, 144 Ottley Dr. NE, Atlanta, GA 30324-3925, as its agent for service of process.

4. On information and belief, Laurel is a German corporation with its principal place of business at Schurwald Str. 114 73773, Aichwald, Germany. Laurel may be served at

Schurwald Str. 114 73773, Aichwald, Germany via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

7. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendants have and continue (and/or have and continue to cause others) to transact business in this District, and have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendants have and continue (and/or have and continue to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

8. Defendants have and continue (and/or have and continue to cause others) to make, use, offer for sale, or sell in, and/or import into, the United States certain products, including, by way of example only, various Plastiklips® products.

9. Defendants have and continue (and/or have and continue to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent No. 4,914,791 ("the '791 Patent"), a true and correct copy of which is attached as <u>Exhibit A</u>, in connection with Defendants' products and/or related product packaging, including, by way of example only, various sizes and amounts of Plastiklips® products, as illustrated in <u>Exhibit B</u>.

10. The '791 Patent, which is titled "Plastic Paper Clip," was filed in the United States on April 26, 1989 and issued on April 10, 1990. The '791 Patent claims priority to a Ser. No. 127,450, filed December 2, 1987, and further claims priority to a German application, dated January 8, 1987.

11. The '791 Patent expired, at the very latest, on December 2, 2007.

12. When the '791 Patent expired, all future rights in that patent ceased to exist.

13. Baumgarten's is experienced in applying for, obtaining, and/or licensing intellectual property, including patents. For example, Baumgarten's website touts the patented nature of its products, including Plastiklips®. *See* <u>Exhibit C</u> (providing that Pastiklips® are "[p]atented to hold papers tight without leaving a mark").

14. Laurel is experienced in applying for, obtaining, and/or licensing patents. For example, Laurel's website touts the patented nature of its products. *See* <u>Exhibit D</u>.

15. Baumgarten's website (www.b3.net) was updated in 2010, after expiration of the '791 Patent.

16. Laurel's website (www.laurel-gmbh.de) was updated in 2010, after expiration of the '791 Patent.

17. Defendants know that an expired patent does not cover their products, or any products whatsoever.

## CLAIM

18. Relator incorporates paragraphs 1–17 as if fully set forth herein. Defendants have violated 35 U.S.C. § 292 by falsely marking their products, including various Plastiklips®, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendants, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

-5-

## **DEMAND FOR JURY TRIAL**

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 26, 2010   Respectfully submitted,

By: /s/ *Hao Ni*

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator
PATECT, LLC**